# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONIO LAVELLE SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. CIV-04-1072-HE |
| ) | |
| MARTY SIRMONS, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Pursuant to an order entered by United States District Judge Joe Heaton, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a response, to which the Petitioner has replied. Thus, the matter is at issue.

By this action, Petitioner challenges his conviction for first degree murder, for which he was sentenced to life imprisonment without parole. Case No. CF-2000-3203, District Court of Oklahoma County. Petition, p. 1. Petitioner filed a direct appeal, and the Oklahoma Court of Criminal Appeals affirmed. Case No. F-2003-192, Oklahoma Court of Criminal Appeals. Petitioner did not file an application for post-conviction relief. Petition, p. 3.

Petitioner raises two grounds for relief. In Ground One, Petitioner claims that the trial court erred in failing to sua sponte give an instruction on accomplice testimony directed to the testimony of Ronnie Walker. Petition, p. 6. In Ground Two, Petitioner

claims that his trial counsel was constitutionally ineffective for failing to request an accomplice instruction.  Petition, p. 6.a.

## I. BACKGROUND

The following facts are taken from the summary opinion of the Oklahoma Court of Criminal Appeals in Case No. F-2003-192 issued on May 24, 2004.  Ronnie Walker, the witness at the center of Petitioner's current habeas claim, testified that he observed Petitioner shoot Theresa Vealy in the back of the head.  The shooting occurred approximately one mile north of Clarence Walker's house, as Theresa Vealy was driving, and Petitioner was sitting in the back seat, directly behind her.  Mr. Walker and the Petitioner's brother were also in the car.  After Ms. Vealy was shot, the car veered off the road and into the Hillcrest Gardens Cemetery.  A.L. Bottoms testified that he heard shooting and saw Theresa Vealy's car as it stopped in the cemetery.  Mr. Bottoms observed three black males exit the car and run away.[1]  He called police, and the responding officer indicated that he received the call at approximately 4:00 p.m.

Ronnie Walker testified that after the shooting, the Petitioner, the Petitioner's brother and he ran from the area.  He caught up with Petitioner at a house near Petitioner's grandmother's house and observed Petitioner get into a grey or black truck with a shell camper, and leave the area.  Dwight Smith, Petitioner's cousin who lived a few miles from Petitioner's grandmother, testified that Petitioner arrived at his house at

---

[1] Timothy Smith, Petitioner's brother, was originally charged in the case, but charges against him were dismissed following the close of the prosecution's case.  Exhibit 6 Tr. Vol. I, p. 282.  The transcripts from the trial are not labeled in consecutive volumes.  Apparently a change in court reporters during the trial lead to the creation of two Volume I's and two Volume II's.  Respondent has separated the volumes with the same numbers into separate exhibits, Exhibit 5 and Exhibit 6, and accordingly, the transcript citations include reference to the exhibit number and the transcript volume.

approximately 4:00 p.m. in a rust colored truck with a shell camper. Petitioner was there for approximately forty-five minutes and told Mr. Smith that if anyone asked, Petitioner was at his house working on a car.

Petitioner gave a statement to police and testified at trial that he did not see Ms. Vealy, his brother Timothy Smith, or Ronnie Walker on the day of the murder. Petitioner stated that he was at Dwight Smith's house from 2:00 until 5:00 working on a car. At trial Petitioner testified that he was not sure when he was at Smith's house, but that it was between 2:00 and 5:00 in the afternoon and that his wife picked him up around 3:00 or 4:00 and took him to his step-father's house in Oklahoma City, approximately thirty minutes away, where he spent the night.

At trial Petitioner's alibi witnesses testified that he was at his step-father's house at the time of the murder. Troy Tuggle, his step-father, testified that Petitioner arrived at his house between 1:00 and 2:00 p.m. Petitioner's sister, Lashonda Tuggle, testified that she was at Troy Tuggle's house when Petitioner arrived between 2:00 and 3:00 p.m. Stacy Smith, Petitioner's wife, testified that she dropped Petitioner at his cousin's house around noon and picked him up there at 1:30 p.m., and drove him to Troy Tuggle's house.

Petitioner was convicted of murder, and the issues he raises in the instant 28 U.S.C. § 2254 petition are that his trial counsel erred in failing to request an instruction regarding accomplice testimony with regard to Ronnie Walker, and that the trial court erred in failing to sua sponte give such an instruction.

**II. STANDARD GOVERNING PETITIONS FOR HABEAS CORPUS**

For factual and legal issues that have already been adjudicated in state court, the Court may only grant a writ of habeas corpus if that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1) and (2).

A state court's determination is contrary to clearly established federal law where it applies a rule that contradicts the law set forth in Supreme Court cases, or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court's determination involves an unreasonable application of clearly established Supreme Court precedent if it identifies the correct governing legal principle from the Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Id. at 413; see also Wiggins v. Smith, 539 U.S. 510, 518-519 (2003). It is not enough that the state court applied clearly established federal law erroneously or incorrectly; the application must also be unreasonable. Williams, 529 U.S. at 410-11; Valdez v. Bravo, 373 F.3d 1093, 1096 (10th Cir. 2004), cert. denied, __ S.Ct. __, 2004 WL 2192329 (Nov 29, 2004). Further, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). That presumption of correctness is rebuttable only "by clear and convincing evidence." Id.

## III. DISCUSSION

### A. TRIAL COURT'S FAILURE TO SUA SPONTE GIVE ACCOMPLICE INSTRUCTION

Petitioner's first argument is that the trial court's failure to sua sponte instruct the jury that Ronnie Walker was an accomplice whose testimony required corroboration was plain error that warrants reversal of his conviction.

Under Oklahoma law, testimony of an accomplice must be corroborated in at least one material fact by independent evidence. See, e.g., Spears v. State, 900 P.2d 431, 440 (Okla.Crim.App.1995) (citing Okla. Stat. Ann. tit. 22, § 742). "The test used to determine whether a witness is an accomplice is whether he or she could be indicted for the offense for which the accused is being tried." Carter v. State, 879 P.2d 1234, 1246 (Okla.Crim.App. 1994). The Oklahoma Court of Criminal Appeals determined that Mr. Walker was not an accomplice because there was no evidence that he intended to participate in the murder of Theresa Vealy or that he aided and abetted in its commission. The Oklahoma state court held no state law violation occurred, and this Court defers to that determination. See Davis v. Executive Dir. of Dep't of Corrections, 100 F.3d 750, 771 (10th Cir. 1996) (federal court defers to state court's interpretation of state law). Thus, Petitioner was not entitled to an accomplice instruction even under state law.

However, even if Petitioner was entitled to an accomplice instruction under Oklahoma law, this Court's habeas review is governed by federal constitutional principles and not by state law. Foster v. Ward, 182 F.3d 1177, 1193 (10th Cir. 1999). In Foster, the petitioner claimed that his constitutional rights were violated when he was convicted on

the uncorroborated testimony of an accomplice and that he was entitled to a cautionary instruction concerning the witness' status as an accomplice. Id. The Court found that although Oklahoma law requires corroboration of accomplice testimony, the federal Constitution does not prohibit convictions based primarily on accomplice testimony. Id. Instead, the Court found that in the habeas context, petitioner was entitled to relief only if he could show "in the context of the entire trial, the failure to instruct the jury to carefully consider [the witness'] credibility as an accomplice 'had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial.'" Id. (internal citations omitted). See also Scrivner v. Tansy, 68 F.3d 1234, 1239 (10th Cir. 1995). The Court characterized petitioner's burden as a "heavy one." Id.

For the reasons addressed below, the undersigned finds that Petitioner has failed to satisfy his "heavy burden" to show that the trial court's failure to *sua sponte* give a jury instruction on accomplice testimony rendered his trial fundamentally unfair. First, the Oklahoma Court of Criminal Appeals found that there was no evidence that Mr. Walker intended to participate in the murder and Petitioner admits this in both his petition and in his reply. Therefore, the Oklahoma Court of Criminal Appeals found that Petitioner was not entitled to an accomplice instruction and Petitioner has failed to show that this finding was an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented. Further, it was within the province of the jury to determine the credibility of each witness. Petitioner testified in his own defense at trial and as noted, he presented the testimony of various alibi witnesses. The jury was able to weigh that testimony against the

testimony of Mr. Walker and the other witnesses. Petitioner's trial counsel was able to attack Mr. Walker's credibility and indeed counsel was able to challenge his testimony in a number of ways: to get Mr. Walker to admit that after the shooting he was scared, Exhibit 5 Tr. Vol. III, p. 595; that he knew the police wanted to speak with him, but he continued to hide after the crime, Exhibit 5 Tr. Vol. III, p. 677; that he was habitual crack cocaine user who had smoked crack on the day of the murder, Exhibit 5 Tr. Vol. III, p. 591; that he was concerned for himself, not the victim, Exhibit 5 Tr. Vol. III, p. 616; and to point out several inconsistencies in Mr. Walker's trial testimony and his preliminary hearing testimony. The trial court instructed the jury that it was their responsibility to determine the credibility of each witness and the court instructed the jury on the various factors the jury could consider in making its credibility determinations. See Exhibit 7, Instruction No. 17. Thus, Petitioner's first ground for relief is without merit.

Petitioner next contends that his trial counsel was ineffective in failing to request an accomplice instruction, thereby violating his Sixth Amendment right to the effective assistance of counsel. The Oklahoma Court of Criminal Appeals considered this issue and concluded that trial counsel was not ineffective because an accomplice instruction was not warranted under Oklahoma law. Again, Petitioner has failed to establish that the decision of the Oklahoma Court of Criminal Appeals was an unreasonable application of clearly established federal law.

To establish ineffective assistance of counsel, a defendant must show that (1) counsel's performance was constitutionally deficient, and (2) counsel's deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984).

Prejudice, under the second prong, is shown by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.  As a result, the Court must consider the merits of the underlying claim to assess whether counsel was ineffective in not raising a claim on direct appeal.  See Gutierrez v. Moriarty, 922 F.2d 1464, 1472 (10th Cir. 1991) ("It is obvious that if the [] claims that the attorney did not raise are without merit, [the habeas petitioner] suffered no prejudice by his counsel's failure [to do so].").  The undersigned has already concluded above that Petitioner was not entitled to a jury instruction on the testimony of an accomplice because the Oklahoma Court of Criminal Appeals found that Mr. Walker was not an accomplice.  Accordingly, Petitioner was not prejudiced by the absence of the instruction, and trial counsel was not ineffective in failing to request such an instruction.

## **RECOMMENDATION**

For these reasons, the undersigned recommends that the petition for a writ of habeas corpus be denied.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by January 12, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United

States, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 23rd day of December, 2004.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE