# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONIO LAVELLE SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   NO. CIV-04-1072-HE |
| | ) |
| MARTY SIRMONS, Warden | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner Antonio Lavelle Smith, a state prisoner appearing *pro se*, instituted this action under 28 U.S.C. § 2254 seeking habeas corpus relief. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred to Magistrate Judge Doyle W. Argo, who issued his Report and Recommendation, recommending that petitioner's amended petition be denied. The matter is currently before the Court on petitioner's objection to the Report and Recommendation.[1]

Petitioner was convicted by a jury of first degree murder and was sentenced to life imprisonment without parole. After his conviction and sentence were affirmed on appeal, the petitioner did not seek post-conviction relief in state court. Here, petitioner asserts nine grounds for relief. In grounds one through four, petitioner alleges that the trial court erroneously admitted certain testimony and evidence which violated his right to a fair trial and his rights under the Confrontation Clause. In ground five, petitioner alleges the trial

---

[1]*Because petitioner has objected to the Report and Recommendation, the matter is reviewed de novo. 28 U.S.C. § 636(b)(1)(C).*

court erred in denying his motion for severance.  In ground six, petitioner alleges that his rights under the Confrontation Clause were violated when the trial court limited defense counsel's ability to cross-examine a state's witness.  In ground seven, petitioner alleges the trial court erroneously failed to sua sponte instruct the jury on accomplice testimony.  In ground eight, petitioner alleges he was denied a fair trial by the admission of irrelevant and highly prejudicial photographs of the victim.  Finally, in ground nine, petitioner argues that an accumulation of errors entitles him to a new trial.

With respect to grounds one through three, the magistrate judge, noting that the admission of evidence at trial raises an issue primarily of state law, found that the challenged admissions did not render petitioner's trial so fundamentally unfair as to constitute the denial of a constitutional right.  In particular, Magistrate Judge Argo noted that the testimony of a witness, Wawquichesha Bowers, concerning an alleged phone call between petitioner and his brother, co-defendant Timothy Smith, while weak, was in no way central to the state's case against petitioner.[2]  In addition, evidence involving an alleged threatening phone call made by Timothy Smith to a state's witness and the admission of an application for protective order sought by the victim against Timothy Smith did not implicate petitioner.

With respect to ground four, the magistrate judge found that the admission of the evidence raised in grounds one through three and the admission of statements made by

---

[2]*Specifically, Magistrate Judge Argo noted that Ms. Bowers was "not a very good witness" for the prosecution.  The court takes that comment to mean that Ms. Bowers' was not a pivotal witness in terms of materially contributing to the prosecution's case in light of the other evidence presented against petitioner and that admission of her testimony did not render petitioner's trial fundamentally unfair.  The court concurs in that conclusion.*

Timothy Smith did not violate the Confrontation Clause. Specifically, the magistrate judge found that habeas corpus relief was not warranted because the evidence either was not offered against petitioner and did not incriminate him or was not hearsay.[3]

With respect to ground five, Magistrate Judge Argo found that petitioner was not prejudiced by the trial court's decision to deny a motion to sever. Petitioner and his co-defendant did not present antagonistic defenses and the minimal evidence produced against the co-defendant did not implicate petitioner. Noting that a criminal defendant has no constitutional right to severance, the magistrate judge concluded that petitioner was not entitled to habeas corpus relief as he could not demonstrate a "strong showing" of prejudice as a result of the joint trial.

With respect to ground six, the magistrate judge found that the trial court's decision to limit defense counsel's cross-examination of one of the state's witnesses, Ronnie Walker, did not violate petitioner's rights under the Confrontation Clause. The magistrate judge noted that the jury was presented with sufficient evidence of Mr. Walker's drug usage to impeach his testimony. In addition, the evidence provided by Mr. Walker, while important, was not the sole evidence of petitioner's guilt. Finding the trial court's limitation on cross-examination of Mr. Walker to be reasonable, Magistrate Judge Argo recommended habeas corpus relief be denied on this ground.

---

[3]*Although not specifically raised by petitioner in his petition, the magistrate judge also addressed a claim of ineffective assistance of counsel which was raised by petitioner in the direct appeal of his conviction. Magistrate Judge Argo concluded that habeas corpus relief was not warranted on such a claim because counsel was not constitutionally ineffective for failing to object to admissible evidence.*

With respect to ground seven, the magistrate judge found that the petitioner was not entitled under state law to an instruction that Mr. Walker was an accomplice whose testimony required corroboration. Even if the petitioner was entitled to an accomplice instruction, the magistrate judge found that because the federal constitution does not prohibit convictions based primarily on accomplice testimony, the petitioner would be entitled to habeas relief only if the state court's failure to instruct rendered the petitioner's trial fundamentally unfair. Magistrate Judge Argo concluded that because Mr. Smith had not satisfied this "heavy burden," he was not entitled to habeas corpus relief on this ground.

With respect to ground eight, the magistrate judge found that the admission of four photographs of the victim did not entitle petitioner to habeas corpus relief. Because the photographs depicted the location, condition and position of the victim's body and corroborated testimony concerning the circumstances of the murder, the magistrate concluded that their admission did not render petitioner's trial fundamentally unfair.

Finally, with respect to ground nine, the magistrate judge found that petitioner's claim of cumulative error lacked merit as he had failed to demonstrate the existence of two or more actual errors which rendered his trial fundamentally unfair. As a result, the magistrate judge recommended that habeas corpus relief be denied on this ground.

Having considered petitioner's objection and given his claims de novo review, the court concurs with Magistrate Judge Argo that the petitioner is not entitled to habeas corpus relief. Accordingly, the Report and Recommendation is **ADOPTED** in its entirety and the petition for writ of habeas corpus is **DENIED.**

**IT IS SO ORDERED**.

Dated this 23rd day of January, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE